Shaw, C. J.
A bill in equity was heretofore brought by the plaintiff, to prohibit and restrain the defendants, by their committee and agents, from opening certain sluices, in a dam of the plaintiff, which they threatened and claimed a right to do, on the ground that by raising the water over certain highways, such dam was a nuisance. On filing the bill the plaintiff, on an application ex parte, obtained an injunction, to continue until the further order of the court, or some one judge thereof.
Such injunctions, under the early practice of the court, as a court of equity, were granted with considerable facility, on the ground that, being ex parte, it would not affect the merits on an ultimate hearing, and that if its operation were considerably injurious to the respondents, it was competent for them to move to dissolve it on affidavit, on application to any judge, upon short notice and cause shown. Somewhat more caution has been observed in this matter, latterly, on consideration, that if such an injunction is not necessary to prevent *364 irreparable injury, or render the purpose of the suit unavailing, it may operate injuriously to interrupt an important enterprise, and because after subpoena served, the respondent has notice of the suit, and proceeds at the peril of all the consequences which may ensue.
The answer on oath is now made, denying the plaintiff’s equity ; and a motion made to dissolve the injunction. Affidavits have been read on both sides.
" From the evidence it appears, that up to 1847, the plaintiff had a tide-mill, into which the tide water was received and retained to a certain height, and all water raised over that height passed off by sluice-gates at every ebb tide. Subsequently a public road was laid along and over the dam, by means of which the dam was raised higher than formerly, but the sluices were left open below the surface of the road, so as to raise and retain the water to the same height as before, but no higher. So it remained until 1847, when the plaintiff closed these flood and sluice-gates, converted it into a fresh water pond, and raised the water higher than formerly, affecting one or more ways injuriously.
The only claim of the plaintiff is by prescription, or adverse use, in the nature of prescription. The well known rule in such case applies to this, that the use, which by law confers a right, limits and qualifies the right, and so primá facie the plaintiff has no right to change the use, and thus raise and retain the water higher than it had been formerly.
The answer states, that the water has been raised higher than formerly; this is fortified by the evidence of the defendants, and not disproved by the evidence of the plaintiff.
It has been held that a mill-owner has no authority under the mill acts to overflow a highway. Commonwealth v. Stevens, 10 Pick. 247. And the town have an interest in prohibiting such nuisance, as builders of the road, and as bound by la w to keep all roads and highways in repair and fit for travel.
It appears to the court, that the dissolution of this injunction will not lead to any irreparable injury, or cause any loss to the plaintiff which cannot easily be repaired in damages, and that it cannot affect the merits of the controversy to be tried *365 in due course. We think that if these facts had appeared as they now do, when this injunction was moved for, it would not have been granted, and that it ought now to be dissolved and vacated.